UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTONIO LAGOS and ARTURO CARREÑO, individually and on behalf of other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MONSTER PAINTING, INC., TREVOR PHILLIP SCHAUS, and BRENDA LINGLE,<br><br>Defendants. | 2:11-CV-00331-LRH-GWF<br><br>ORDER |

Before the court is Defendants' Motions to Dismiss the First Amended Complaint (#11[1]). Plaintiffs filed an opposition (#12), to which Defendants replied (#13). Also before the court is Defendants' Motion to Dismiss the original Complaint (#8). That motion was rendered moot by the subsequent filing of Plaintiffs' First Amended Complaint, however, and will be denied accordingly.

Also before the court is Plaintiffs' Motion for Collective Action Certification and Court-Supervised Notice of Pending Collective Action (#22). Defendants filed an opposition (#24), to which Plaintiffs replied (#25).

////

---

[1] Refers to the court's docket entry number.

## I. Facts and Procedural History

This is a putative class action brought by two employees of Monster Painting, Inc., involving allegations of unlawful and fraudulent activities in the payment and reporting of wages and overtime. Defendants are Monster Painting, owner and officer Trevor Phillip Schaus, and manager Brenda Lingle.

In the operative First Amended Complaint, Plaintiff alleges five causes of action for violations of the Fair Labor Standards Act ("FLSA"), the Racketeer Influenced and Corrupt Organizations Act ("RICO), and Nevada overtime and waiting-time statutes, as well as for breach of contract or quasi-contract. Plaintiffs allege they were not paid for every hour they worked and were not paid an overtime premium of time-and-a-half for hours worked in excess of forty hours per week. Plaintiffs further allege that Defendants engaged in a fraudulent scheme in which Defendants paid wages sometimes with payroll checks through a third-party processor and other times with personal checks, but then they issued W-2 forms that reported only the income and withholdings from the payroll checks and failed to report the income and withholdings from the personal checks.

Defendants now move to dismiss the First Amended Complaint for failure to state a claim under Rule 12(b)(6), and because the RICO claim is not pled with sufficient particularity in accordance with Rule 9. Although Defendant Monster Painting has since filed for bankruptcy and is subject to the automatic stay, this court may resolve the motion to dismiss as to Defendants Schaus and Lingle.

## II. Legal Standard

Defendants seek dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). A complaint must contain "a short and

1  plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).
2  The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a
3  pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a
4  cause of action" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell
5  Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

6       Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter,
7  accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 1949 (internal
8  quotation marks omitted). A claim has facial plausibility when the pleaded factual content allows
9  the court to draw the reasonable inference, based on the court's judicial experience and common
10 sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility
11 standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a
12 defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a
13 defendant's liability, it stops short of the line between possibility and plausibility of entitlement to
14 relief." *Id.* at 1949 (internal quotation marks and citation omitted).

15      In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as
16 true. *Id.* (citation omitted). However, "bare assertions . . . amount[ing] to nothing more than a
17 formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth."
18 *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951)
19 (alteration in original) (internal quotation marks omitted). The court discounts these allegations
20 because they do "nothing more than state a legal conclusion – even if that conclusion is cast in the
21 form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to
22 survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from
23 that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (quoting
24 *Iqbal*, 129 S. Ct. at 1949).

25 ////

26

**III.   Discussion**

    **A.  FLSA**

Subject to certain exceptions, the FLSA generally requires employers to pay overtime compensation to employees working more than forty hours per week "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a). Employers that violate section 207 "shall be liable to the employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages," plus costs and attorney's fees. *Id.* § 216(b). Affected employees may maintain a private cause of action for such violations on behalf of "themselves and other employees similarly situated" on an opt-in basis. *Id.*

Here, Plaintiffs generally allege that they, and other current and former employees of Monster Painting, regularly worked more than forty hours per week but were not paid the required overtime premium. With one exception, however, Plaintiffs' complaint contains no factual allegations that would provide even an approximation of the overtime hours worked, the regular hourly or weekly wage, or the amount of unpaid overtime wages. Instead, their complaint contains little more than a formulaic recitation of the elements of an FLSA cause of action and the Rule 23 requirements for class certification. Such conclusory allegations are not entitled to a presumption of truth and are insufficient to state a plausible claim for relief under the FLSA. *See Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 630 (S.D.N.Y. 2007).

Plaintiffs have made adequate factual allegations only as to Defendants' failure to pay an overtime premium to Plaintiff Arturo Carreño for the week of February 15 to 21, 2010, during which he was paid a regular rate of $15 per hour for 55.75 hours worked. Accepting these allegations as true and making all reasonable inferences in Carreño's favor, the complaint is reasonably construed as alleging that Defendants failed to pay Carreño a required premium of $7.50 per hour for the 15.75 hours worked in excess of 40, equating to $118.13 in unpaid overtime.

Although Defendants contend that Carreño's claim is *de minimis* and not actionable under the FLSA, the court rejects this argument. The *de minimis* rule is concerned with insubstantial sums and the practical administrative difficulty of recording small amounts of time for payroll purposes. *Lindow v. United States*, 738 F.2d 1057, 1062-63 (9th Cir. 1984). Neither concern applies here, where the aggregate sum claimed is not insubstantial and the time in excess of 40 hours is significant and was actually recorded and compensated by the employer, albeit without the overtime premium. *See id.* (citing cases).

The court therefore rejects Defendants' contention that Plaintiff Carreño has failed to provide sufficient factual allegations to state a claim under the FLSA for unpaid overtime for the week of February 15 to 21, 2010. The motion to dismiss will therefore be denied as to that narrow, individual claim. In all other respects, however, Plaintiffs' FLSA claims will be dismissed without prejudice based on Plaintiffs' failure to provide sufficient factual allegations to state a claim for relief.

**B. RICO**

The federal RICO statute authorizes a private right of action by "[a]ny person injured in his business or property by reason of a violation of section 1962."[2] 18 U.S.C. § 1964(c). In order to establish a civil RICO claim under 1964(c), a plaintiff must plead sufficient facts to show that the defendant harmed his business or property through a predicate act of racketeering that was part of a larger pattern of racketeering activity. *See Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001).

---

[2]Section 1962 criminalizes four separate and distinct actions: (a) using or investing money obtained through a pattern of racketeering activity, (b) acquiring or maintaining an interest in an enterprise through a pattern of racketeering activity, (c) conducting or participating in the conduct of an enterprise through a pattern of racketeering activity, and (d) conspiring to violate any of the previous three provisions. Here, Plaintiffs have not pled with particularity which subsection each defendant allegedly violated. This lack of specificity may, in itself, constitute grounds for dismissing Plaintiffs' complaint. *See Atlantic Gypsum Co. v. Lloyds Intern. Corp.*, 753 F.Supp. 505, 514 n.4 (S.D.N.Y.1990).

"Racketeering activity" is defined to include a wide variety of state and federal criminal offenses, including as relevant here, mail and wire fraud, bank fraud, and money laundering. *See* 18 U.S.C. § 1961(1). A "pattern of racketeering activity" requires "at least two" predicate acts of racketeering activity, 18 U.S.C. § 1961(5); however, "'while two acts are necessary, they may not be sufficient'" to establish a pattern. *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 237-38 (1989) (quoting *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 n.14 (1985)).

Plaintiffs' civil RICO claim is also subject to a heightened pleading standard. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). In order to satisfy these pleading requirements, a plaintiff must specify the time, place, and content of the fraud, as well as the parties involved and their individual participation. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999); *see also Parnes v. Gateway 2000*, 122 F.3d 539, 549-50 (8th Cir. 1997) (requiring a plaintiff to allege the requisite who, what, where, when, and how of the misrepresentation). Claims for civil racketeering must be pled with comparable specificity. *See Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989) (racketeering allegations under section 1962(c) must identify the time, place, and manner of each fraud plus the role of each defendant in the scheme).

### 1. Mail and Wire Fraud

Plaintiffs first allege that Defendants committed mail and wire fraud, in violation of 18 U.S.C. § 1341 and 1343, by keeping two sets of books and submitting through the mails or wires falsified payroll information to a third-party payroll processor, thereby reducing Plaintiffs' paychecks and depriving them of a truthful W-2 and truthful reporting of their withholdings to the IRS. This payroll scheme and use of the mails and wires is generally described in Plaintiffs' complaint, with the sole exception of one instance involving Plaintiff Antonio Lagos' paycheck for the week of July 5 to 11, 2010.

As Defendants contend, Plaintiffs' factual allegations are insufficient to satisfy the

demanding pleading requirements of Rule 9. At best, Plaintiffs have attempted to plead with particularity only one predicate act of mail or wire fraud. But even then, Plaintiffs fail to do so. For example, Plaintiffs fail to plead with particularity the amount of the alleged fraud, the actions of or representations made by each defendant in furtherance of the fraudulent scheme, the specific intent of each defendant, or even which means of communication—the mails or wires—were used. Furthermore, even if Plaintiffs had adequately pled one instance of mail or wire fraud, absent any other adequately pled predicate acts, no pattern of racketeering activity may be established.

### 2.     Bank Fraud

The bank fraud statute makes it a crime "to obtain" money or other property owned by, or under the custody or control of, a financial institution "by means of false or fraudulent pretenses, representations, or promises." 18 U.S.C. § 1443(2). Plaintiffs allege that Defendants committed bank fraud by paying Plaintiffs with "off the books" checks from their personal bank account and withholding funds purportedly for tax purposes but never remitting or reporting those withholdings to the IRS. Plaintiffs allege that this constitutes bank fraud in that Defendants falsely misrepresented to the bank that it was deducting sums for tax purposes, and that the fraud injured Plaintiffs by reducing their paychecks "under the guise of deducting for FICA."

The court finds Plaintiffs' theory faulty on several levels. To begin, it cannot be said that a payor "obtains" money from a financial institution by writing a check for less than a payee may be entitled. After all, any withholdings are already held in and remain in the payor's account; by definition, the withholdings are "retained," not "obtained." Nor can it be said that the monies were obtained "by means of" a false or fraudulent representation. The allegation that in issuing personal checks for wages Defendants made some sort of representation to the bank concerning amounts withheld for tax purposes is implausible given the nature of the transaction, as well as contrary to law. *See Williams v. United States*, 458 U.S. 279, 284 (1982) (holding that depositing checks with insufficient funds does not involve the making of a false statement because "technically speaking, a

7

check is not a factual assertion at all, and therefore cannot be characterized as 'true' or 'false'"); *United States v. Briggs*, 939 F.2d 222, 226 (5th Cir. 1991) ("The bare act of instructing a bank to transfer funds is not a factual representation; thus, it cannot be a *mis*representation, a *false* representation, or *any kind* of representation."). Finally, although the bank need not be the sole or immediate victim of the fraud for the statute to apply, it is inapplicable where as here the bank was merely "an unwitting instrumentality" of an alleged scheme to defraud another. *United States v. McNeil*, 320 F.3d 1034, 1037 (9th Cir. 2003); *United States v. Leahy*, 445 F.3d 634, 662 (3d Cir. 2006) (requiring that "the defendant had an intent to defraud the bank, and the bank suffered loss or risk of loss as a result of the deceptive conduct"); *see also United States v. Blackmon*, 839 F.2d 900, 906 (2d Cir. 1988) (discussing the legislative history concerning the statutes coverage).

### 3. Money Laundering

Plaintiffs also allege that Defendants committed money laundering, in violation of 18 U.S.C. § 1956. Like their allegations of mail and wire fraud, however, Plaintiffs describe the money laundering scheme in general terms and fail to plead their claim with the particularity required by Rule 9. For example, Plaintiffs fail to plead with particularity the monies and amounts laundered, the specific unlawful activity from which the monies were allegedly produced, the actions of each defendant in the money laundering scheme, or the specific intent of each defendant.

For all these reasons, the court concludes that Plaintiffs have failed to state a civil RICO claim. The claim shall therefore be dismissed without prejudice.

### C. Conclusion

Plaintiffs' remaining three causes of action under Nevada law are alleged only as to Monster Painting, which has filed for bankruptcy and is subject to the automatic stay. The court will therefore not address these claims at this time. For present purposes, the court determines only that, as to Defendants Schaus and Lingle, the motion to dismiss will be granted, with the sole exception of Carreño's individual FLSA claim for for the week of February 15 to 21, 2010.

**IV.    Motion for Collective Action Certification and Court-Supervised Notice**

Plaintiffs move the court to certify its FLSA claims as a collective action and to exercise its discretion under 29 U.S.C. § 216(b) to authorize and facilitate notice to potential class plaintiffs. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989). Given the court's ruling on Defendants' motion to dismiss, however, Plaintiffs' motion is moot and will be denied without prejudice.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss the Complaint (#8) is DENIED as moot.

IT IS FURTHER ORDERED that Defendants' Motions to Dismiss the First Amended Complaint (#11) is GRANTED in part and DENIED in part. Only Plaintiff Carreño's individual FLSA claim for the week of February 15 to 21, 201, shall be allowed to proceed. Those claims which are dismissed are dismissed without prejudice.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Collective Action Certification and Court-Supervised Notice of Pending Collective Action (#22) is DENIED.

IT IS SO ORDERED.

DATED this 29th day of December, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE