UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTONIO LAGOS and ARTURO CARREÑO, individually and on behalf of other persons similarly situated, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br> v. )<br>)<br>MONSTER PAINTING, INC., TREVOR PHILLIP SCHAUS, and BRENDA LINGLE, )<br>)<br>Defendants. )<br>) | 2:11-CV-00331-LRH-GWF<br><br>ORDER |

Before the court is Plaintiffs Antonio Lagos and Arturo Carreño's Motion for Leave to File Second Amended Complaint (#37[1]). Defendants Trevor Phillip Schaus and Brenda Lingle filed an opposition (#40), and Plaintiffs replied (#41). Also before the court is Plaintiffs' related Motion to Amend Scheduling Order (#42), Defendants' opposition (#44), and Plaintiffs' reply (#46).

**I.   Facts and Procedural History**

This is a putative class action brought by two employees of Monster Painting, Inc., involving allegations of unlawful and fraudulent activities in the payment and reporting of wages and overtime. Defendants are Monster Painting, owner and officer Trevor Phillip Schaus, and manager Brenda Lingle. Monster Painting has since filed for bankruptcy and is subject to the

---

[1] Refers to the court's docket entry number.

automatic stay.

Plaintiffs filed their initial Complaint (#1) on March 2, 2011.  On April 7, 2011, they filed a First Amended Complaint (#9) as of right and in response to Defendants' first Motion to Dismiss (#8).  Plaintiffs alleged five causes of action for violations of the Fair Labor Standards Act ("FLSA"), the Racketeer Influenced and Corrupt Organizations Act ("RICO), and Nevada overtime and waiting-time statutes, as well as for breach of contract or quasi-contract.  Plaintiffs allege they were not paid for every hour they worked and were not paid an overtime premium of time-and-a-half for hours worked in excess of forty hours per week.  Plaintiffs further allege that Defendants engaged in a fraudulent scheme in which Defendants paid wages sometimes with payroll checks through a third-party processor and other times with personal checks, but then they issued W-2 forms that reported only the income and withholdings from the payroll checks and failed to report the income and withholdings from the personal checks.

On April 19, 2011, Defendants moved to dismiss (#11) the First Amended Complaint for failure to state a claim under Rule 12(b)(6) and for failure to plead the RICO claim with sufficient particularity in accordance with Rule 9.

While the motion was pending, the Magistrate Judge entered orders denying Defendants' request to stay discovery (#17) but granting the parties an extended initial discovery period of 280 days (#19).  Accordingly, on June 8, 2011, the Magistrate Judge entered a Scheduling Order (#20) setting September 12, 2011 as the last day to amend the pleadings and add parties, and December 8, 2011 as the discovery cut-off.  The parties completed discovery in accordance with this schedule.

Thereafter, on December 29, 2011, the court issued an Order (#34) granting in part and denying in part Defendants' motion to dismiss the first amended complaint.  The court denied the motion only as to Plaintiff Carreño's individual FLSA claim for the week of February 15 to 21, 2011.  All other FLSA claims were dismissed "without prejudice based on Plaintiffs' failure to provide sufficient factual allegations to state a claim for relief."  Also, Plaintiffs' civil RICO claims

were dismissed for lack of particularity in accordance with Rule 9 and because Plaintiffs failed to state a cognizable theory of bank fraud.  Finally, the court declined to address Plaintiffs' remaining three causes of action under Nevada law because they were alleged only as to Monster Painting, which was subject to the automatic stay.

On January 17, 2012, Plaintiffs filed the instant motion for leave to amend (#37).  The proposed Second Amended Complaint would (1) correct the drafting deficiencies regarding Plaintiffs' FLSA and RICO claims by adding detailed factual allegations, (2) add an FLSA retaliatory discharge claim as to Carreño, and (3) add general contractor Doe defendants to the state law claims.  Defendants oppose the motion on several grounds, including that the deadline had already passed for amending the pleadings and adding parties and Plaintiffs had not sought leave to amend the scheduling order.

Accordingly, on February 6, 2012, Plaintiffs filed a companion Motion to Amend the Scheduling Order (#42).  Defendants also oppose that motion, contending that Plaintiffs have failed to establish good cause under Rule 16.

**II. Discussion**

Where a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Leave to amend shall be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2); *Jones v. Bates*, 127 F.3d 839, 847 n.8 (9th Cir. 1997); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987).  "In exercising its discretion 'a court must be guided by the underlying purpose of Rule 15 – to facilitate a decision on the merits rather than on the pleadings or technicalities.'"  *DCD Programs*, 833 F.2d at 186 (*quoting United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).  Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality" insofar as the motion to amend is not sought in bad faith, does not cause undue delay, does not cause the opposing party undue prejudice, and does not constitute an exercise in futility.  *Id.*  The party

opposing the amendment bears the burden of showing prejudice. *Id.* at 187.

However, where the court has filed a pretrial scheduling order pursuant to Rule 16 establishing a timetable for amending pleadings and the deadline has passed, that rule's standards for modify the scheduling order govern leave to amend. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 608. "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16(b) advisory committee's note (1983 amendment). Thus, parties seeking amendment "must show good cause for not having amended their complaints before the time specified in the scheduling order expired." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

Here, the deadline for amending the complaint passed while Defendants Schaus and Lingle's motion to dismiss the first amended complaint was under submission to the court. Although the court ultimately sustained (for the most part) Defendants' challenges to the adequacy of Plaintiffs' allegations, the court will not fault Plaintiffs for awaiting a ruling on the motion before seeking leave to amend. Because the court's ruling did not occur until after the scheduled deadline for amending the pleadings, the court finds that good cause exists to modify the schedule order and allow Plaintiff to amend their factual allegations and claims against these defendants. The court further finds that such leave will not cause Defendants to suffer any undue prejudice, as the amendments address facts already disclosed during discovery. Further, to mitigate any prejudice to Defendants regarding the addition of Plaintiff's Carreño's retaliatory discharge claim after the close of discovery, Defendants may seek to reopen discovery in this limited respect.

1  The court shall deny leave to amend, however, to the extent that Plaintiffs seek to add general contractors with whom Monster Painting contracted as "Doe" defendants. Plaintiffs' addition of new defendants to their state law claims against Monster Painting was not instigated by any evidence obtained during discovery or by the court's ruling on Defendants' motion to dismiss. Rather, Plaintiffs always had the ability to name Monster Painting's general contractors in their complaint, but they sought to do so only after Monster Painting filed for bankruptcy, leaving no other defendant against whom Plaintiffs might seek to recover. Furthermore, the court finds that adding new, as-yet-unnamed defendants would risk undue prejudice to the existing defendants at this late stage.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Leave to File Second Amended Complaint (#37) and Motion to Amend Scheduling Order (#42) are GRANTED in part and DENIED in part. Plaintiff shall have 10 days to file a Second Amended Complaint in conformity with this order.

IT IS SO ORDERED.

DATED this 4th day of May, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE