1

2

3

4

5

6                           UNITED STATES DISTRICT COURT

7                                DISTRICT OF NEVADA

8                                        * * *

9   ANTONIO LAGOS and ARTURO                )
    CARREÑO, individually and on behalf of   )
10  other persons similarly situated,        )        2:11-CV-00331-LRH-GWF
                                             )
11              Plaintiff,                   )
                                             )
12  v.                                       )        ORDER
                                             )
13  MONSTER PAINTING, INC., TREVOR           )
    PHILLIP SCHAUS, and BRENDA LINGLE,       )
14                                           )
                Defendants.                  )
15  _____      )

16          Before the court is Plaintiffs Antonio Lagos and Arturo Carreño's Motion for Leave to File

17  Second Amended Complaint (#37[1]).  Defendants Trevor Phillip Schaus and Brenda Lingle filed an

18  opposition (#40), and Plaintiffs replied (#41).  Also before the court is Plaintiffs' related Motion to

19  Amend Scheduling Order (#42), Defendants' opposition (#44), and Plaintiffs' reply (#46).

20  **I.      Facts and Procedural History**

21          This is a putative class action brought by two employees of Monster Painting, Inc.,

22  involving allegations of unlawful and fraudulent activities in the payment and reporting of wages

23  and overtime.  Defendants are Monster Painting, owner and officer Trevor Phillip Schaus, and

24  manager Brenda Lingle.  Monster Painting has since filed for bankruptcy and is subject to the

25

26
    _____

            [1]Refers to the court's docket entry number.

1   automatic stay.

2         Plaintiffs filed their initial Complaint (#1) on March 2, 2011.  On April 7, 2011, they filed a

3   First Amended Complaint (#9) as of right and in response to Defendants' first Motion to Dismiss

4   (#8).  Plaintiffs alleged five causes of action for violations of the Fair Labor Standards Act

5   ("FLSA"), the Racketeer Influenced and Corrupt Organizations Act ("RICO), and Nevada overtime

6   and waiting-time statutes, as well as for breach of contract or quasi-contract.  Plaintiffs allege they

7   were not paid for every hour they worked and were not paid an overtime premium of time-and-a-

8   half for hours worked in excess of forty hours per week.  Plaintiffs further allege that Defendants

9   engaged in a fraudulent scheme in which Defendants paid wages sometimes with payroll checks

10  through a third-party processor and other times with personal checks, but then they issued W-2

11  forms that reported only the income and withholdings from the payroll checks and failed to report

12  the income and withholdings from the personal checks.

13        On April 19, 2011, Defendants moved to dismiss (#11) the First Amended Complaint for

14  failure to state a claim under Rule 12(b)(6) and for failure to plead the RICO claim with sufficient

15  particularity in accordance with Rule 9.

16        While the motion was pending, the Magistrate Judge entered orders denying Defendants'

17  request to stay discovery (#17) but granting the parties an extended initial discovery period of 280

18  days (#19).  Accordingly, on June 8, 2011, the Magistrate Judge entered a Scheduling Order (#20)

19  setting September 12, 2011 as the last day to amend the pleadings and add parties, and December 8,

20  2011 as the discovery cut-off.  The parties completed discovery in accordance with this schedule.

21        Thereafter, on December 29, 2011, the court issued an Order (#34) granting in part and

22  denying in part Defendants' motion to dismiss the first amended complaint.  The court denied the

23  motion only as to Plaintiff Carreño's individual FLSA claim for the week of February 15 to 21,

24  2011.  All other FLSA claims were dismissed "without prejudice based on Plaintiffs' failure to

25  provide sufficient factual allegations to state a claim for relief."  Also, Plaintiffs' civil RICO claims

26

1  were dismissed for lack of particularity in accordance with Rule 9 and because Plaintiffs failed to

2  state a cognizable theory of bank fraud.  Finally, the court declined to address Plaintiffs' remaining

3  three causes of action under Nevada law because they were alleged only as to Monster Painting,

4  which was subject to the automatic stay.

5      On January 17, 2012, Plaintiffs filed the instant motion for leave to amend (#37).  The

6  proposed Second Amended Complaint would (1) correct the drafting deficiencies regarding

7  Plaintiffs' FLSA and RICO claims by adding detailed factual allegations, (2) add an FLSA

8  retaliatory discharge claim as to Carreño, and (3) add general contractor Doe defendants to the state

9  law claims.  Defendants oppose the motion on several grounds, including that the deadline had

10 already passed for amending the pleadings and adding parties and Plaintiffs had not sought leave to

11 amend the scheduling order.

12     Accordingly, on February 6, 2012, Plaintiffs filed a companion Motion to Amend the

13 Scheduling Order (#42).  Defendants also oppose that motion, contending that Plaintiffs have failed

14 to establish good cause under Rule 16.

15 **II.   Discussion**

16     Where a responsive pleading has been filed, "a party may amend its pleading only with the

17 opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Leave to amend

18 shall be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2); *Jones v. Bates*, 127 F.3d

19 839, 847 n.8 (9th Cir. 1997); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987).

20 "In exercising its discretion 'a court must be guided by the underlying purpose of Rule 15 – to

21 facilitate a decision on the merits rather than on the pleadings or technicalities.'"  *DCD Programs*,

22 833 F.2d at 186 (*quoting United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).  Rule 15's

23 policy of favoring amendments to pleadings should be applied with "extreme liberality" insofar as

24 the motion to amend is not sought in bad faith, does not cause undue delay, does not cause the

25 opposing party undue prejudice, and does not constitute an exercise in futility.  *Id.*  The party

26

1   opposing the amendment bears the burden of showing prejudice. *Id.* at 187.

2        However, where the court has filed a pretrial scheduling order pursuant to Rule 16

3   establishing a timetable for amending pleadings and the deadline has passed, that rule's standards

4   for modify the scheduling order govern leave to amend. *Johnson v. Mammoth Recreations, Inc.*,

5   975 F.2d 604, 607-08 (9th Cir. 1992).  "A schedule may be modified only for good cause and with

6   the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "Unlike Rule 15(a)'s liberal amendment policy

7   which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to

8   the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the

9   party seeking the amendment."  *Johnson*, 975 F.2d at 608.  "[T]he court may modify the schedule

10  on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking

11  the extension."  Fed. R. Civ. P. 16(b) advisory committee's note (1983 amendment).  Thus, parties

12  seeking amendment "must show good cause for not having amended their complaints before the

13  time specified in the scheduling order expired."  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294

14  (9th Cir. 2000).

15       Here, the deadline for amending the complaint passed while Defendants Schaus and

16  Lingle's motion to dismiss the first amended complaint was under submission to the court.

17  Although the court ultimately sustained (for the most part) Defendants' challenges to the adequacy

18  of Plaintiffs' allegations, the court will not fault Plaintiffs for awaiting a ruling on the motion

19  before seeking leave to amend.  Because the court's ruling did not occur until after the scheduled

20  deadline for amending the pleadings, the court finds that good cause exists to modify the schedule

21  order and allow Plaintiff to amend their factual allegations and claims against these defendants.

22  The court further finds that such leave will not cause Defendants to suffer any undue prejudice, as

23  the amendments address facts already disclosed during discovery.  Further, to mitigate any

24  prejudice to Defendants regarding the addition of Plaintiff's Carreño's retaliatory discharge claim

25  after the close of discovery, Defendants may seek to reopen discovery in this limited respect.

26

                                        4

1   The court shall deny leave to amend, however, to the extent that Plaintiffs seek to add

2   general contractors with whom Monster Painting contracted as "Doe" defendants.  Plaintiffs'

3   addition of new defendants to their state law claims against Monster Painting was not instigated by

4   any evidence obtained during discovery or by the court's ruling on Defendants' motion to dismiss.

5   Rather, Plaintiffs always had the ability to name Monster Painting's general contractors in their

6   complaint, but they sought to do so only after Monster Painting filed for bankruptcy, leaving no

7   other defendant against whom Plaintiffs might seek to recover.  Furthermore, the court finds that

8   adding new, as-yet-unnamed defendants would risk undue prejudice to the existing defendants at

9   this late stage.

10   IT IS THEREFORE ORDERED that Plaintiffs' Motion for Leave to File Second Amended

11   Complaint (#37) and Motion to Amend Scheduling Order (#42) are GRANTED in part and

12   DENIED in part.  Plaintiff shall have 10 days to file a Second Amended Complaint in conformity

13   with this order.

14   IT IS SO ORDERED.

15   DATED this 4th day of May, 2012.

16

17   _____

18   LARRY R. HICKS
     UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

5