UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ANTONIO LAGOS and ARTURO          )
CARREÑO, individually and on behalf of )
other persons similarly situated,        )          2:11-CV-00331-LRH-GWF
                                         )
            Plaintiff,                   )
                                         )          ORDER
   v.                                    )
                                         )
MONSTER PAINTING, INC., TREVOR           )
PHILLIP SCHAUS, and BRENDA LINGLE,       )
                                         )
            Defendants.                  )
_____ )

        Before the court is Plaintiffs Antonio Lagos and Arturo Carreño's second Motion to

Dismiss Defendants' counterclaims (#52[1]).  Defendants Trevor Phillip Schaus and Brenda Lingle

filed an opposition (#55) and Plaintiffs replied (#57).

        Also before the court is Plaintiffs' initial Motion to Dismiss Defendants' Counterclaims

(#39).  Given the superceding amended counterclaims and motion to dismiss, the initial motion

shall be denied as moot.

**I.      Facts and Procedural History**

        This is a putative class action brought by two employees of Monster Painting, Inc.,

involving allegations of unlawful and fraudulent activities in the payment and reporting of wages

_____

[1]Refers to the court's docket entry number.

and overtime.  Defendants are Monster Painting, owner and officer Trevor Phillip Schaus, and manager Brenda Lingle.  Monster Painting has since filed for bankruptcy and is subject to the automatic bankruptcy stay.

Plaintiffs filed their initial Complaint (#1) on March 2, 2011.  On April 7, 2011, they filed a First Amended Complaint (#9) as of right and in response to Defendants' first Motion to Dismiss (#8).  Plaintiffs alleged five causes of action for violations of the Fair Labor Standards Act ("FLSA"), the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and Nevada overtime and waiting-time statutes, as well as for breach of contract or quasi-contract.  Plaintiffs allege they were not paid for every hour they worked and were not paid an overtime premium of time-and-a-half for hours worked in excess of forty hours per week.  Plaintiffs further allege that Defendants engaged in a fraudulent scheme in which Defendants paid wages sometimes with payroll checks through a third-party processor and other times with personal checks, but then they issued W-2 forms that reported only the income and withholdings from the payroll checks and failed to report the income and withholdings from the personal checks.

On April 19, 2011, Defendants moved to dismiss (#11) the First Amended Complaint for failure to state a claim under Rule 12(b)(6) and for failure to plead the RICO claim with sufficient particularity in accordance with Rule 9.

While the motion was pending, the Magistrate Judge entered orders denying Defendants' request to stay discovery (#17) but granting the parties an extended initial discovery period of 280 days (#19).  Accordingly, on June 8, 2011, the Magistrate Judge entered a Scheduling Order (#20) setting September 12, 2011 as the last day to amend the pleadings and add parties, and December 8, 2011 as the discovery cut-off.  The parties completed discovery in accordance with this schedule.

Thereafter, on December 29, 2011, the court issued an Order (#34) granting in part and denying in part Defendants' motion to dismiss the first amended complaint.  The court denied the motion only as to Plaintiff Carreño's individual FLSA claim for the week of February 15 to 21,

2

2011.  All other FLSA claims were dismissed "without prejudice based on Plaintiffs' failure to provide sufficient factual allegations to state a claim for relief."  Also, Plaintiffs' civil RICO claims were dismissed for lack of particularity in accordance with Rule 9 and because Plaintiffs failed to state a cognizable theory of bank fraud.  Finally, the court declined to address Plaintiffs' remaining three causes of action under Nevada law because they were alleged only as to Monster Painting, which was subject to the automatic stay.

On January 17, 2012, Plaintiffs filed a motion for leave to amend (#37).  The proposed Second Amended Complaint sought to (1) correct the drafting deficiencies regarding Plaintiffs' FLSA and RICO claims by adding detailed factual allegations, (2) add an FLSA retaliatory discharge claim as to Carreño, and (3) add general contractor Doe defendants to the state law claims.  On May 04, 2012, the court granted in part and denied in part the motion for leave to file a second amended complaint (#47).  The court denied the motion only as to Plaintiffs' attempt to add general contractors with whom Monster Painting contracted as Doe defendants.  Subsequent to the court's granting of the Plaintiffs' second leave to amend, Plaintiff filed its Second Amended Complaint on May 07, 2012.

On May 23, 2012, Defendants filed their answer to the Second Amended Complaint which included counterclaims as to all plaintiffs for tortious abuse of process and civil conspiracy (#50).  Plaintiffs subsequently filed the instant Motion to Dismiss Defendants' counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6) (#52).

**II.    Legal Standard**

To survive a motion to dismiss for failure to state a claim under FRCP 12(b)(6), a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard.  *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however,

3

1 a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a

2 cause of action" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell*

3 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

4       Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter,

5 accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 1949 (internal

6 quotation marks omitted). A claim has facial plausibility when the pleaded factual content allows

7 the court to draw the reasonable inference, based on the court's judicial experience and common

8 sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility

9 standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a

10 defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a

11 defendant's liability, it stops short of the line between possibility and plausibility of entitlement to

12 relief." *Id.* at 1949 (internal quotation marks and citation omitted).

13       In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as

14 true. *Id.* (citation omitted). However, "bare assertions . . . amount[ing] to nothing more than a

15 formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth."

16 *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951)

17 (alteration in original) (internal quotation marks omitted). The court discounts these allegations

18 because they do "nothing more than state a legal conclusion – even if that conclusion is cast in the

19 form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to

20 survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from

21 that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (quoting

22 *Iqbal*, 129 S. Ct. at 1949).

23 /

24 /

25 /

26

1    **III.    Discussion**

2         **A. Tortious Abuse of Process**

3              In Nevada, the two essential elements which must be established in order to sustain an

4    action for the tort of abuse of process are (1) an ulterior purpose for bringing a legal action other

5    than resolving a dispute and (2) a willful act in the use of process not proper in the regular conduct

6    of the proceeding. *LaMantia v. Redisi*, 118 Nev. 27, 30 (2002), *Bull v. McCuskey*, 615 P.2d 957,

7    960 (1980). Here, Defendants allege that Plaintiffs committed a willful act not proper in the

8    regular conduct of civil proceedings by (1) filing a lawsuit, (2) submitting discovery and production

9    requests, (3) issuing subpoenas, and (4) conducting depositions on the basis of knowingly false

10   statements.

11            Nevada courts have held that the filing of a complaint alone cannot constitute the willful act

12   necessary for the tort to lie. *Laxalt v. McClatchy*, 622 F. Supp. 737m 752 (D. Nev. 1985). Here,

13   Defendants assert that continuing to litigate an action improperly and in bad faith is an abuse of

14   process. They claim that the Plaintiffs' case is without merit and that their decision to continue

15   litigating is evidence of this abuse.

16            The ulterior purpose required of tortious abuse of process must be any purpose "other than

17   resolution or settlement of the suit." *Rashidi v. Albright*, 818 F. Supp. 1354, 1359 (D.Nev. 1993),

18   *aff'd*, 39 F.3d 1188 (9th Cir. 1994). Defendants have not shown that Plaintiffs have a motive in

19   maintaining their claims other than to resolve a legal dispute. Defendants allege that Plaintiffs are

20   motivated by a desire to intimidate and embarrass Defendants into paying Plaintiffs wages which

21   were not due to them. The rightness or wrongness of Plaintiffs' claims to unpaid overtime wages is

22   the subject matter of this dispute. The payment of those wages is thus not an ulterior motive, but an

23   overt motive which falls within the acceptable use of process.

24            The court concludes that the allegations presented do not state a claim upon which relief

25   may be granted because Defendants have failed to allege an ulterior purpose for bringing a legal

26
                                          5

1    action other than resolving the instant dispute.  Accordingly, the court shall grant Plaintiffs' motion

2    to dismiss Defendants' counterclaim for tortious abuse of process.

3          **B.  Civil Conspiracy**

4          The court finds no support for Defendants' claim of Plaintiffs' tortious abuse of process and

5    therefore there is no grounds on which to find a civil conspiracy.  Consequently, Defendants' claim

6    of Plaintiffs' civil conspiracy is dismissed.

7          **C.  Motion to Amend the Counterclaim**

8          Within its opposition, Defendants ask for leave to amend their counterclaim should the

9    court determine that Defendants have failed to plead a proper claim.  There is no proper motion

10   before the court to consider this request.  If Defendants wish to file an amended complaint, they

11   may file a proper motion for leave in conformity with Local Rule 15-1.

12   **IV.   Conclusion**

13         IT IS THEREFORE ORDERED that Plaintiffs' initial Motion to Dismiss Defendants'

14   Counterclaims (#39) is DENIED as moot.

15         IT IS FURTHER ORDERED that Plaintiffs' second Motion to Dismiss Defendants'

16   Counterclaims (#52) is GRANTED.

17         IT IS SO ORDERED.

18         DATED this 22nd day of June, 2012.

19

20         _____

21         LARRY R. HICKS
           UNITED STATES DISTRICT JUDGE

22

23

24

25

26

6