1

2

3

4

5

6                           UNITED STATES DISTRICT COURT

7                                  DISTRICT OF NEVADA

8                                            * * *

9    ANTONIO LAGOS and ARTURO          )
     CARREÑO, individually and on behalf of )
10   other persons similarly situated,    )          2:11-CV-00331-LRH-GWF
                                        )
11                Plaintiff,            )
                                        )          ORDER
12   v.                                 )
                                        )
13   MONSTER PAINTING, INC., TREVOR     )
     PHILLIP SCHAUS, and BRENDA LINGLE, )
14                                      )
                  Defendants.           )
15   _____)

16         Before the court is Plaintiffs Antonio Lagos and Arturo Carreño's Motion for Leave to File

17   Third Amended Complaint (#76[1]).  Defendants Monster Painting, Inc., Trevor Phillip Schaus, and

18   Brenda Lingle have not filed an opposition. Also before the court are Plaintiffs' Motion to Certify

19   Collective Action (#53) and Defendants' Motion to Strike Consent Forms (#58). These motions

20   have each been opposed (#55, #57 (Motion to Certify Class); #59, #60 (Motion to Strike Consent

21   Forms)).

22   **I.      Facts and Procedural History**

23         This is a putative class action brought by two employees of Monster Painting, Inc.,

24   involving allegations of unlawful and fraudulent activities in the payment and reporting of wages

25

26
     _____
           [1]Refers to the court's docket entry number.

and overtime.  Defendants are Monster Painting, owner and officer Trevor Phillip Schaus, and manager Brenda Lingle.  Monster Painting has since filed for bankruptcy and is subject to the automatic stay.

Plaintiffs filed their initial Complaint (#1) on March 2, 2011.  On April 7, 2011, they filed a First Amended Complaint (#9) as of right and in response to Defendants' first Motion to Dismiss (#8).  Plaintiffs alleged five causes of action for violations of the Fair Labor Standards Act ("FLSA"), the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and Nevada overtime and waiting-time statutes, as well as for breach of contract or quasi-contract.  Plaintiffs allege they were not paid for every hour they worked and were not paid an overtime premium of time-and-a-half for hours worked in excess of forty hours per week.  Plaintiffs further allege that Defendants engaged in a fraudulent scheme in which Defendants paid wages sometimes with payroll checks through a third-party processor and other times with personal checks, but then they issued W-2 forms that reported only the income and withholdings from the payroll checks and failed to report the income and withholdings from the personal checks.

Following the court's Order (#34) dismissing most of the claims in the First Amended Complaint, the court granted Plaintiffs another opportunity to amend their Complaint (#62). In doing so, the court also amended the scheduling order. Plaintiffs filed their Second Amended Complaint on May 7, 2012 (#48). Defendants answered this Complaint on May 23, 2012.

On December 7, 2012, Plaintiffs requested an amendment to the Scheduling Order (which had closed the period to amend pleadings or add parties) in order to file a third motion to amend their Complaint (#75). The Magistrate Judge granted the amendment to the Scheduling Order, noting Plaintiffs had established good cause (#77).

Plaintiffs have now filed a third Motion to Amend the Complaint (#76). The proposed Third Amended Complaint would add two named plaintiffs, Rosa Rodriguez and Gonzalo Sierra Garcia, but it would otherwise leave the Second Amended Complaint unaltered.

## II.     Discussion

Where a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2); *Jones v. Bates*, 127 F.3d 839, 847 n.8 (9th Cir. 1997); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987). "In exercising its discretion 'a court must be guided by the underlying purpose of Rule 15 – to facilitate a decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs*, 833 F.2d at 186 (*quoting United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).  Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality" insofar as the motion to amend is not sought in bad faith, does not cause undue delay, does not cause the opposing party undue prejudice, and does not constitute an exercise in futility. *Id.* The party opposing the amendment bears the burden of showing prejudice. *Id.* at 187.

Here, Plaintiffs' Motion to Amend is unopposed. Under Local Rule 7-2(d), a party's failure to oppose a motion is construed as consent to the motion. In addition, the non-opposition means that Defendants have not borne the burden of showing prejudice, *DCD Programs*, 833 F.2d at 186, nor have Defendants rebutted Plaintiffs' showing of timeliness, good faith, and non-futility. Indeed, the amendment appears to preempt the Motion to Strike Consent Forms by including as named plaintiffs two of the three parties who had prematurely opted in to Plaintiffs' FLSA claim.[2] (*See* Opt-In Consent #26; Opt-In Consent #56.) Therefore, the amendment will result in a quicker resolution on the merits.

Finally, Plaintiffs' Motion to Certify Collective Action is based on the Second Amended Complaint. The filing of a Third Amended Complaint will render this Motion moot and necessitate

---

[2] At any rate, the grant of leave to amend renders the Motion to Strike Consent Forms moot since Plaintiffs will need to solicit new consent to sue forms in conformity with the Third Amended Complaint. *See* 29 U.S.C. § 216(b) (authorizing a named plaintiff to bring an action on behalf of "*himself* . . . and other employees similarly situated").

a third Motion to Certify Collective Action. Plaintiffs have pledged to file such a motion forthwith.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Leave to File Third Amended Complaint (#76) is GRANTED. Plaintiffs shall have 10 days to file a Third Amended Complaint in conformity with this order.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Certify Collective Action is DENIED as moot.

IT IS FURTHER ORDERED that Defendant's Motion to Strike Consent Forms is DENIED as moot.

IT IS SO ORDERED.

DATED this 23rd day of February, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4